IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LACHUNDRA MACK, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-120-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, Disability Insurance Benefits and Supplemental Security Income, finding that she was not disabled within the meaning of the Social Security Act and Regulations.  Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).  "Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1]   Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in failing to evaluate Claimant's impairments using the "special technique" dictated by the Regulations.**

II. **Whether the ALJ erred in failing to properly assess Claimant's credibility.**

## Administrative Proceedings

Claimant applied for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on May 31, 2007, alleging disability as of December 20, 2006, due to constant pain on the left side of her body, right foot and back, as well as a hearing problem. (Tr. 85; ECF No. 9.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge (AALJ@. The Claimant appeared before an ALJ for a hearing on May 17, 2010, where she amended her alleged onset date to January 1, 2009, because she had been able to babysit through 2008. (Tr. 16.) Following the hearing, the ALJ issued an unfavorable decision on June 14, 2010. (Tr. 12-24.) The Appeals Council ultimately denied Claimant's Request for Review on June 27, 2011. (Tr. 7-10.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her amended alleged onset date. (Tr. 18.) The ALJ found that Claimant had a hearing impairment, morbid obesity, hypertension, and mild lumbar degenerative disc disease, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform medium work with restrictions of no prolonged walking, only face to face communication, and no loud environments. (Tr. 19.) The ALJ determined that

Claimant could not perform her past relevant work, but that there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.* at 22.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

I.   **Whether the ALJ erred in failing to evaluate Claimant's impairments using the "special technique" dictated by the Regulations.**

Claimant argues that the ALJ failed to properly evaluate her mental health condition in accordance with the "special technique" set out in 20 C.F.R. §§ 404.1520a and 416.920a. (R-9, pp. 8-13). The Eleventh Circuit has held that "where a Claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a Psychiatric Review Technique Form ("PRTF"), append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005); see also 20 C.F.R. § 404.1520a(a) ("[W]hen we evaluate the severity of mental impairments for adults . . . , we must follow a special technique at each level in the administrative review process.") (emphasis added). In a PRTF, an ALJ is required to complete "separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation." *Moore*, 405 F.3d at 1213; see also 20 C.F.R. § 404.1520a(c). It is an inquiry directly implicated at steps two and three of the sequential evaluation process, and is used to assist the ALJ in making a determination as to the severity of the Claimant's impairments. See 20 C.F.R. §§ 404.1520a,

5

416.920a(d)(3). It is then up to the ALJ to analyze the Claimant's residual functional capacity to ultimately determine whether a disability exists. *Id.*; SR 96-8p. The failure of an ALJ to follow this procedure "requires remand." *Moore,* 405 F.3d at 1214.

Here, the ALJ found that Claimant did have the impairments of depression and anxiety. That finding establishes the "colorable claim" requirement which therein necessitates the completion of a psychiatric review technique form. Without at least the incorporation of the PRTF's standards into the ALJ's decision, it is impossible for this Court to determine whether the ALJ's error in failing to perform a PRTF is harmless. *See, e.g., Moore*, 405 F.3d at 1214 ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless."). Thus, the failure of the ALJ to complete a PRTF regarding Claimant's mental impairments or incorporate its mode of analysis into his decision requires remand.

## II.   Whether the ALJ erred in failing to properly assess Claimant's credibility.

Claimant also argues that the ALJ erred in assessing her subjective allegations of pain. (Cl.'s Br. 16.) Because remand of this case is recommended the Court is not required to consider whether the ALJ also erred in evaluating Claimant's credibility. On remand, the Court directs the ALJ to address this issue as presented by Claimant and articulate his findings.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be REMANDED for further proceedings pursuant to

sentence four for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

    SO RECOMMENDED, this, the 18th day of July, 2012.

                                   S/ STEPHEN HYLES
                                   UNTED STATES MAGISTRATE JUDGE