IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LACHUNDRA MACK, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-120-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Claimant's counsel's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act. (ECF No. 16.) Counsel filed his motion for fees on November 1, 2012, requesting $10,633.86 for 58.50 attorney work hours at varying rates per hour. (Br. in Supp. of Mot. for Att'y's Fees 4, ECF No. 16-1.) The Commissioner filed a Response wherein he objects to the number of attorney hours requested and the total amount of fees requested. (Comm'r's Resp. 2, ECF No. 17.) For the reasons discussed hereinbelow, the Court recommends that Claimant be awarded fees in the amount of $8,799.06, and that these fees be paid directly to the Claimant.

## DISCUSSION

### I. Attorneys Fees Pursuant to the EAJA

Claimant requests attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but

allows civil litigants to recover attorney's fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA). Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the Commissioner concedes that Claimant is the "prevailing party," that the Claimant has incurred fees, and that the Commissioner's position was not substantially justified. (Comm'r's Resp. 2;) Consequently, the Court recommends the award of fees pursuant to the EAJA. The parties, however, disagree as to the amount of fees for which Claimant's counsel should be compensated. These issues are discussed below.

The Commissioner objects to Claimant's purported number of attorney hours claiming that the number of hours is unreasonable. Specifically, the Commissioner asserts that the Court should deduct at least 16 hours and $2,923.82 (0.10 hours at 181.88/hr, 15 hours at $181.63/hr, and 1 hour at $181.18/hr) from Claimant's request. (Comm'r's Resp. 4.)  Thus, she contends, the more than fifty-eight hours sought by Claimant's counsel are unreasonable.

The Commissioner particularizes her objection as to the forty hours sought by Claimant for preparation of the initial brief in this case. (Comm'r's Resp. 3.)  The affidavits of Claimant's counsel show each of the attorneys to be competent attorneys with significant experience in representing clientele in Social Security cases.  The Commissioner contends that the brief drafted by an attorney in Claimant's counsel's firm was only four pages long and did not require significant case law or citation.  (*Id.*) Counsel, alternatively, argues that the hours were necessary due to the weakness of the facts, and that the brief ultimately led to a favorable result for the Claimant. (Cl.'s Br. 1, 2.)  The Court finds, however, that forty hours of billable work time is excessive in this case, considering the length and complexity of the facts.  Therefore, the Commissioner's objection as to this specific issue is sustained and the Court will deduct ten hours expended by attorney Sarnoff (10 hrs. at $181.63 per/hr.) from the "total court hours" claimed on the time sheet.

Further, the Commissioner objects that Claimant's motion seeks payment for non-legal tasks.  Specifically, she argues that one-tenth of an hour was billed by counsel for

3

work that is clerical and administrative in nature. (Comm'r's Resp. 5.) Claimant does not argue this point. The Commissioner's objection is therefore sustained concerning the requested one-tenth reduction of an hour.

The Court thus recommends that Claimant be awarded fees for 48.4 (deductions of 0.10 hours at 184.95/hr and 10 hours at $181.63/hr) hours of her attorneys' work.

## II. Assignment of EAJA Fees

Regarding the validity of Claimant's purported assignment of EAJA fees, the Court finds that (1) "the Anti-Assignment Act applies to EAJA awards[,]" and (2) an assignment cannot be made pre-fee award because such an assignment violates the provisions of the Anti-Assignment Act. *Turner*, 2010 WL 3636145, at * 14; *see also Kearney v. United States*, 285 F.2d 797 (Ct. Cl. 1961) ("[A] contract between an attorney and a client which gives the attorney an interest in the client's claim against the Government is exactly what the anti-assignment statute forbids."); *Vinning v. Astrue* , 668 F. Supp. 2d 916, 929 (N.D. Tex. 2009) (finding such an assignment to be invalid because "claimant [has] nothing to assign" and it is in "direct violation of the Anti-Assignment Act"); *Murkeldove v. Astrue*, 635 F. Supp. 2d 564, 574-75 (N.D. Tex. 2009); *Bentley v. Glickman*, 234 B.R. 12, 20 (N.D.N.Y. 1999) (applying Anti-Assignment Act to EAJA claim for fees). Under the Anti-Assignment Act, an assignment may be allowed only (1) "after a claim is allowed," (2) if "the amount of the claim is decided," and (3) if "a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Additionally, the Anti-Assignment act requires that an assignment "specify the warrant,"

"be made freely," and "be attested to by 2 witnesses[,]" and that "the person making the assignment . . . acknowledge it before an official who may acknowledge a deed" and who certifies the assignment. *Id.*

An assignment made prior to the award of attorney's fees necessarily violates these requirements because the claim has not been allowed, the amount of the claim is not decided, and a warrant for payment of the claim has not been issued. This is true in this case where the Claimant sought to assign to her attorneys the "right to seek attorney's fees under the Equal Access to Justice Act[.]" (Mot. for Att'y's Fees 3.) The claim for attorney's fees had not been allowed in this case, the amount of attorney's fees had not been decided, and a warrant for payment of fees had not been issued. Therefore the assignment is invalid. Further, the purported assignment fails to adhere to the facial requirements of the Anti-Assignment Act in that it is not attested to by two witnesses and has not been certified by an official. 31 U.S.C. § 3727. This assignment would consequently run afoul of the Anti-Assignment Act even if it were made post-fee award because it is facially invalid. The Court therefore recommends that the assignment provision in Claimant's attorney contract be deemed invalid as contrary to the Anti-Assignment Act and recommends that the award of attorney's fees be made payable to Claimant.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be GRANTED and

that payment be forwarded to Claimant in the amount of $8,799.06. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

  SO RECOMMENDED, this the 20th day of March, 2013.

          S/Stephen Hyles
          UNITED STATES MAGISTRATE JUDGE